UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT FUTCH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:10-CV-1846-JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Robert Futch's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed September 30, 2010 [ECF No. 1] ("Motion"). Because this Court has determined that Futch's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Futch's claims are based, the Court decides this matter without an evidentiary hearing.[1] See Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199 (2004).

**Background**

On August 27, 2009, Robert Futch was indicted for wire fraud in violation of 18 U.S.C. § 1343 and § 2 (Count One), failure to pay over employment tax in violation of 26 U.S.C. § 7202 and 18 U.S.C. § 2 (Counts Two-Fourteen), and embezzlement in violation of 18 U.S.C. § 641 (Counts Fifteen, Sixteen, Seventeen and Eighteen). On December 16, 2009, Futch entered a plea of guilty to two counts of the eighteen-count indictment (Plea Agreement, Guidelines Recommendations and

---

[1] "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. U.S., 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting Sanders v. U.S., 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted).

Stipulations ("Plea Agreement"), 4:09-CR-553, Doc. No. 28). Futch was represented by Nanci McCarthy throughout his prosecution and sentence. In exchange for Futch's guilty plea to Counts Seven and Sixteen of the charge, the Government agreed to dismiss the remaining counts at the time of sentencing (Id., p.2). The Government also agreed that no further federal prosecution would be brought in this District relative to Futch's scheme to defraud, theft of government property and failure to pay over employment taxes through his operation of his business, Archtax Financial from June 2005 to April 2007 (Id.).

According to the Plea Agreement, Futch stipulated and agreed to the following facts:

> During the relevant times charged in the indictment, Futch was the President and sole proprietor of an entity called Archtax Financial (Archtax). In this capacity, Futch offered payroll management services and tax preparation services. In this capacity, Futch prepared IRS Forms 941 on behalf of Anthony's Tru Tech Enterprises and Suz's Spots for Tots. In essence, Futch collected employment taxes from these two entities and was the responsible party for making federal tax deposits on behalf of the businesses. Rather than making the deposits as promised, Futch converted these monies to his own personal use. From approximately June 2005 until April 2007 (8 tax quarters) Futch collected $179,318 from his clients for payment to the IRS and converted this money to his own use. As each entity remained liable to the IRS for employment taxes owed, Futch's failure to pay over the funds collected had significant consequences for his business clients. Suz's Spots for Tots filed for bankruptcy due to Futch's actions. The owners of Anthony's Tru Tech Enterprises had to secure second mortgages on their personal residences to pay the employment taxes.

> As to Count Seven, on or about September 30, 2006, Futch failed to comply with his legal obligation to pay over to the IRS $23,531.16 in quarterly employment taxes collected on behalf of Anthony's Tru Tech Enterprises. Instead, Futch diverted these funds to his own bank accounts for his personal use.

> In addition to payroll management services, Futch also prepared individual income tax returns on behalf of clients. From tax years 2003-2006, Futch prepared tax returns for at least 29 clients who were due a tax refund. In the course of the tax return preparation, Futch had the refunds directly deposited to bank accounts in his control. Futch then did not pay the clients their refund, but converted their refunds to his own personal use. In this manner, Futch fraudulently obtained $97,923.57. Specifically, as to Count Sixteen, on or about May 19, 2006, Futch received a IRS refund check in the amount of $5,892.00 from a tax return filed on behalf of victim L.V. Rather than providing the refund check to L.V., Futch converted the IRS refund check to his own use by depositing it in his personal bank account.

(Id., pp. 8-9). As part of the Plea Agreement, Futch agreed to waive his right to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel. (Id., pp. 3-4).

At his change of plea hearing, Futch stated he had had an opportunity to review the charges against him and was satisfied with Ms. McCarthy's representation. (Plea Hearing Transcript, 4:10CV1846, Doc. No. 14-1, p.3). Futch indicated he had reviewed the Plea Agreement with his counsel and agreed with everything in the Agreement. (Id., p. 4). Futch also indicated that he and his lawyer had talked about the Sentencing Guidelines and how they might apply to his case. (Id., p. 8). The Court reminded Futch he had the right to plead not guilty and to persist in that plea, and that by entering a plea of guilty he was waiving his right to a trial by jury and all other rights associated with a trial. (Id., p. 9). The Government outlined the evidence it would have presented if the case had proceeded to trial, and Futch agreed with the facts as stated. (Id., pp. 11-14). Finally, Futch entered a plea of guilty to the charges set forth in the Plea Agreement. (Id., p. 14). Futch was sentenced to concurrent terms of thirty-seven (37) months on Counts 7 and 16. (4:09-CR-553, Doc. No. 40).

**Standard of Review**

"Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack." Equere v. United States, 2008 WL 4948454, *3 (E.D. Mo. Nov. 10, 2008) (citing 28 U.S.C. § 2255). "To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice." Id. (citing

Davis v. United States, 417 U.S. 333, 346 (1974) and Hill v. United States, 368 U.S. 424, 428 (1962)).

A movant is entitled to an evidentiary hearing on a § 2255 motion "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (citing Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court, however, may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Marquez v. United States, 2008 WL 4642859, *2 (E.D. Mo. Oct. 17, 2008) (citing Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citation omitted)).

The entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. U.S. v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. U.S., 876 F.2d 655, 657 (8th Cir. 1989), cert. denied, 493 U.S. 869 (1989). The Eighth Circuit has enforced a defendant's plea agreement promise to waive his right to appeal, or challenge via a post-conviction writ of habeas corpus, the district court's entry of judgment and imposition of sentence. DeRoo v. U.S., 223 F.3d 919, 923 (8th Cir. 2000) (citing U.S. v. His Law, 85 F.3d 379 (8th Cir. 1996)). The court does not "distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." Deroo, 223 F.3d at 923. "When a defendant waives his appeal and post-conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made." Lumpkins v. U.S., 2008 WL 3890407, *5 (E.D. Mo. Aug. 19, 2008).

**Discussion**

Futch alleges two grounds for relief: (1) his guilty plea was "unknowing"; and (2) he was denied effective assistance of counsel.[2]

**I. Knowingly and voluntarily entering the Plea Agreement**

**A. Legal Standard**

Whether a plea is knowing and voluntary is a mixed question of fact and law. Porter v. Lockhart, 925 F.2d 1107, 1110 (8th Cir.1991); Blalock v. Lockhart, 898 F.2d 1367, 1370 (8th Cir.1990). A guilty plea is invalid only if it does not represent a voluntary and intelligent choice among the alternative courses of action open to the defendant. Weisberg v. Minnesota, 29 F.3d 1271, 1278 (8th Cir.1994) (citing Schone v. Purkett, 15 F.3d 785, 788-89 (8th Cir.1994)). A defendant must have knowledge of the law in relation to the facts for the plea to be truly voluntary. Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969); Schone, 15 F.3d at 789. It is sufficient if the defendant is given notice of the charge or if he in fact knows of and understands that charge. Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976).

**B. Discussion**

The change of plea hearing was very comprehensive in all respects. A review of the transcript demonstrates Futch understood the consequences of his plea and entered it voluntarily. He acknowledged that no one coerced him to enter a guilty plea:

> THE COURT: Has anyone made any other or different promise or assurance to you of any kind in an effort to induce you to enter a plea of guilty in this case?
>
> THE DEFENDANT: No.
>
> THE COURT: No one is forcing you to plead guilty here?
>
> THE DEFENDANT: No.

---

[2] Grounds three and four of Futch's Petition alleging errors committed by the District Court during the sentencing process were dismissed on January 7, 2011 (Doc. No. 13).

(Plea Transcript, 4:10-CV-1846, Doc. No. 14-1, p. 6). Likewise, he admitted to the factual basis of the crimes with which he was charged. (Id., pp. 11-14).

Futch was fully informed of the applicable sentencing guidelines and the maximum sentence he faced:

> THE COURT: The statutory maximum penalties in this case with regard to Count 7 is imprisonment of not more than five years, a fine of not more than $10,000, supervised release of not more than three years, mandatory special assessment of $100. If Defendant is sentenced to supervised release and supervised release is later revoked on a finding that the Defendant violated the terms and conditions of supervised release, he can be sentenced to an additional term in prison of not more than two years.
>
> MR. SCHELP: That's right, Your Honor. The parties -- the Defendant is going to plead to Count 7 and Count 16.
>
> THE COURT: The penalty on that is imprisonment of not more than 10 years, a fine of not more than $250,000, supervised release of not more than three years and a mandatory special assessment of $100. And if the Defendant is sentenced to supervised release and supervised release is later revoked on a finding that the Defendant violated the terms and conditions of supervised release, he could be sentenced to an additional term of imprisonment of not more than two years; do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Under the Sentencing Reform Act of 1984 the United States Sentencing Commission has issued Guidelines for judges to follow in determining the sentence in a criminal case. Under the Supreme Court's 2005 decision in the Fan Fan and Booker cases the Guidelines are not mandatory, but they remain advisory and will be considered by the Court in determining the sentence. Now, have you and your lawyer talked about the Sentencing Guidelines and how they may apply to your case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand the Court may not be able to determine the Guideline computation for your case until after the presentence report has been completed, and you and the Government have had an opportunity to challenge the facts reported by the probation officer; do you understand that?
>
> THE DEFENDANT: Yes.

> THE COURT: Do you understand that the sentence imposed may be different from any estimate your attorney may have given you; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you also understand that after it's been determined how the Guidelines apply to a case, the Judge has the authority to impose a sentence that is more severe or less severe than the sentence called for by the Guidelines; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you also understand that under some circumstances you or the Government may have the right to appeal any sentence that I impose; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you also understand that parole has been abolished and if you are sentenced to prison you'll not be released on parole; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you also understand that if the sentence is more severe than you expected, you'll still be bound by your plea and have no right to withdraw it; do you understand that?
>
> THE DEFENDANT: Yes.

(Id., pp. 6-9).

Futch also understood he was waiving several of his constitutional and statutory rights, specifically his right to a trial by jury, his right to require the state to prove his guilt beyond a reasonable doubt, his right to cross-examine and subpoena witnesses, and his right to an appeal:

> THE COURT: Do you also understand that you have the right to plead not guilty to any offense charged against you and to persist in that plea; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You would then have the right to trial by jury, during which you'd have the right to assistance of counsel for your defense; do you understand that?
>
> THE DEFENDANT: Yes.

> THE COURT: And you'd have the right to see and hear all the witnesses and have them cross-examined in your defense; you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You'd have the right on your own part to decline to testify, unless you voluntarily elected to do so in your own defense; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you would have the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in your defense; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You also understand that by entering a plea of guilty, and if that plea is accepted by the Court, there'll be no trial and you will have waived or given up your right to a trial, as well as those other rights associated with a trial that I just described to you; do you understand that?
>
> THE DEFENDANT: Yes.

(Id., p. 9-10)

Based upon all of these facts, Futch's claim that his plea was not knowing and voluntary is clearly refuted by the record and his claim will, therefore, be denied.

**II. Ineffective assistance of counsel**

**A. Legal Standard**

"To establish ineffective assistance of counsel within the context of section 2255, .... a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir.1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir.2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). See also U.S. v. Ledezma-Rodriquez, 423 F.3d 830, 836 (8th Cir. 2005).

Under the deficient performance inquiry of Strickland, a court considers whether

counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir.2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir.1998).

To satisfy the "prejudice" requirement in the plea context, the movant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "Because the failure to establish prejudice can be dispositive of a case," the court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Statements which are self-serving and unsupported by evidence do not establish a basis for relief under § 2255. Id. at 1077.

**B. Discussion**

Futch has not demonstrated that his counsel's performance was deficient and that he was prejudiced as a result. He argues his counsel was ineffective for failing to explain the sentencing guidelines; however, as set forth above, the plea transcript belies this argument. Futch was fully informed of the applicable sentencing guidelines and the maximum sentence he faced. (Plea Transcript, 4:10-CV-1846, Doc. No. 14-1, pp. 6-9). Futch acknowledged talking with his attorney about the sentencing guidelines and how they might apply to his case. (Id., p.8) In addition, his counsel, Ms. McCarthy, has prepared a sworn affidavit detailing the nature of her discussions with Mr. Futch regarding the sentencing guidelines specifically and his defense generally which contradicts his claim. (Doc. No. 14-2). Futch's claim is, therefore, denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Robert Futch's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that because petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 27th day of December, 2011.

                                                        */s/ John A. Ross*
                                                        JOHN A. ROSS
                                                        UNITED STATES DISTRICT JUDGE